IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO ANGUIANO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 3:22-cv-2718 |
| v. | § | |
| | § | |
| CITY OF GARLAND, TEXAS | § | JURY TRIAL DEMANDED |
| and JEFFREY BORGES, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mario Anguiano, Plaintiff, complaining of City of Garland, Texas ("the City") and Jeffrey Borges ("Borges"), Defendants, and for cause would respectfully show the Court as follows:

## I.     NATURE OF THE ACTION

1. This is an action brought by Plaintiff against the Defendants pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's civil rights and privileges guaranteed to him by the United States Constitution and under the common law of the State of Texas.

2. Plaintiff brings this action against the City and detective Jeffrey Borges, an officer with the Garland Police Department ("GPD") for falsely arresting Plaintiff, subjecting him to continued detention and arrest without probable cause, and then maliciously prosecuting Plaintiff for offenses which he was completely innocent of.

## II.     PARTIES

3. Plaintiff, Mario Anguiano, is an adult individual and resident of Dallas County, Texas.

PLAINTIFF'S ORIGINAL COMPLAINT                                                    Page 1

4.  Defendant, City of Garland, Texas, is a municipality duly organized and existing under the laws of the State of Texas. The City is responsible for the funding, budget, policies, operation, and oversight of the Garland Police Department. The City may be served by and through the City Attorney Brad Neighbor at 200 N. 5th St., Garland, TX 75040, or wherever he may be found.

5.  Defendant, Jeffrey Borges, was at all times relevant to this Complaint a detective and police officer with the Garland Police Department ("GPD") and employed by the City of Garland, Texas. Borges was, at all times relevant, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Garland, Texas. Borges is sued in his individual capacity and may be served at his place of business at the Garland Police Department located at 1891 Forest Lane, Garland, TX 75042, or wherever he may be found.

### III.   JURISDICTION AND VENUE

6.  Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the constitutional rights of Plaintiff. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

7.  Venue is proper in this Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Northern District of Texas.

### IV.   FACTS

8.  On or about March 7, 2019, in the morning or early afternoon hours, Plaintiff was pulled over in his truck for an alleged traffic violation by the Garland Police Department.

9. Unbeknownst to Plaintiff, Garland police were conducting a city-wide search for a hispanic male driving a pickup truck that was under suspicion of attempting to abduct young girls.

10. Plaintiff was subsequently arrested on alleged traffic ticket warrants from unpaid traffic citations.

11. Plaintiff was taken to the Garland Detention Center and booked into the jail. While at the jail, Plaintiff was approached by Detective Borges and asked to be interviewed. Plaintiff, unsure as to why he would need to be interviewed by a detective for traffic violations, nonetheless agreed to an interview with Detective Borges.

12. Contrary to the reason he had been arrested, Plaintiff began to be questioned about an incident and facts he had no knowledge or involvement with.

13. Specifically, Detective Borges was investigating Plaintiff on alleged incidents where children were at risk of being abducted by a hispanic individual driving a pickup truck.

14. Detective Borges questioned Plaintiff about his truck. Plaintiff voluntarily answered that he drives a dark green/hunter green truck.

15. The truck in question was apparently dark in color and contained tools and wood in the bed of the truck.

16. Plaintiff's truck was used for landscaping and frequently carried landscaping equipment, such as mowers, but never much of the items described by the victims that Plaintiff was being suspected of being involved with.

17. The three victims of the alleged kidnapping plot allegedly identified the suspect as a hispanic male.

18. One victim stated that the suspect was an older man approximately 50-60 years of age with a full, thick beard that was both gray and black.

19. Plaintiff was in his 20s at the time of his arrest and did not have a beard.

20. Plaintiff vehemently denied any involvement in what Detective Borges was claiming he was involved in. In fact, Borges lied to Plaintiff and claimed that several victims were accusing him of being the suspect. On information and belief, no victim ever singled Plaintiff out as a suspect.

21. Detective Borges also claimed to have video of Plaintiff's truck at the locations where the alleged offenses took place. This claim was also untrue. While Borges and the City were searching for the suspect, they readily concluded their investigation after finding Plaintiff, who happened to be hispanic and happened to also drive a pickup truck. No evidence existed to establish probable cause that Plaintiff was the suspect that Borges and the City were looking for.

22. Despite Plaintiff not matching the description of the suspect, Detective Borges and the City proceeded with having Plaintiff in a photo line-up.

23. Two photo line-ups were given to each victim for a total of 6 photo line-ups being done. Approximately 6-8 individuals were shown in each photo line-up.

24. Plaintiff was never selected in any of the 6 photo line-ups.

25. On information and belief, only one of the victims may have selected someone from any of the photo line-ups. The individual selected was not Plaintiff.

26. Plaintiff, despite not being picked in any photo line-up, and despite not matching the suspect description or the truck description, continued to be arrested and detained. Plaintiff was eventually charged with three counts of felony Enticing a Child.

27. Plaintiff spent approximately a week in the Garland Detention Center before being transported to Dallas County where he remained incarcerated, unable to make bond.

28. Plaintiff was given a bond in the amount of $100,000 per charge, totaling $300,000. Plaintiff remained incarcerated for approximately 4 months prior to being able to bond out at a reduced amount.

29. Plaintiff's criminal case was pending for approximately 3 years as he was on bond and placed with a leg monitor.

30. On December 16, 2021, the criminal charges against Plaintiff were dismissed due to the stated reason of, "The State is unable to make a prima facie case at this time."

31. On information and belief, Detective Borges was again involved in a subsequent false arrest of Plaintiff whereby Plaintiff was again targeted for driving a truck allegedly similar to one being investigated by Detective Borges. However, no license plate match has ever connected Plaintiff's vehicle with the vehicle that is allegedly being investigated by Borges and the City.

## V.    CAUSES OF ACTION

### COUNT I – FALSE ARREST
### PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF AGAINST JEFFREY BORGES

32. Plaintiff hereby incorporates all previous paragraphs as if fully stated herein.

33. 42 U.S.C. § 1983 authorizes lawsuits against law enforcement officers who violate constitutional rights while acting under the color of state law.

34. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures, including arrests lacking probable cause.

35. Despite the total lack of probable cause to establish Plaintiff as the suspect in the alleged crimes, Defendant Borges falsely arrested Plaintiff on belief that he was the suspect in their criminal investigation.

36. The arrest of Plaintiff was intentional and the result of insensible investigation in regard to the alleged offense that Plaintiff was in no way connected to. The false arrest of Plaintiff was an unreasonable seizure of Plaintiff, and violated his rights, as guaranteed by the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. The arrest was in the absence of probable cause.

37. At all times relevant to this Complaint, Defendant Borges was a detective and police officer for the GPD and was acting under the direction and control of the City of Garland.

38. As a direct result of the illegal conduct of Defendant Borges, Plaintiff has suffered injury and damage, including unlawful incarceration, embarrassment, humiliation, psychological harm, pain and suffering, and loss of enjoyment of life as further described in this Complaint.

## COUNT II – ULAWFUL IMPRISONMENT/WRONGFUL DETENTION PURSUANT TO 42 U.S.C. § 1983 PLAINTIFF AGAINST JEFFREY BORGES

39. Plaintiff hereby incorporates all previous paragraphs as if fully stated herein.

40. The actions referenced above were unreasonable and discriminatory, and constitute arbitrary, capricious, irrational, reckless, malicious and unreasonable action on the part of the Defendant and were not reasonably related to a legitimate state interest or to the public health, safety, morals or general welfare, thereby depriving Plaintiff of rights secured by the United States Constitution in violation of 42 U.S.C. § 1983.

41. Even a lawful seizure can turn unlawful if a Plaintiff is held in custody after the probable cause, if any was in existence, that permitted the seizure is vitiated.

42. Defendant placed Plaintiff under physical arrest.

43. Defendants was required to release Plaintiff as soon as it was determined that there was no lawful basis to continue to detain him.

44. However, Plaintiff remained in custody despite failing to be identified in any photo lineup. Defendant Borges no longer had a lawful basis to keep Plaintiff in custody after Plaintiff failed to be identified by any victim and after he failed to match all descriptions provided by the victims.

45. The actions and decisions of Defendant Borges as aforesaid constitute a wrongful detention and/or unlawful imprisonment of Plaintiff's person without reason in violation of the United States Constitution, 42 U.S.C. § 1983, and Texas law.

46. The deprivation of Plaintiff's rights was caused by official policy, pattern and practice, and/or custom of the City and Defendant Borges acting under color of law.

47. As a direct result of the illegal conduct of Defendant Borges, Plaintiff has suffered injury and damage, including unlawful incarceration, embarrassment, humiliation, psychological harm, pain and suffering, and loss of enjoyment of life as further described in this Complaint.

48. Plaintiff is entitled to an award of damages from and against the Defendant for the unlawful imprisonment/wrongful detention of Plaintiff's person without reason, and costs, including reasonable attorneys' fees under 42 U.S.C. § 1988, pre-judgment and post-judgment interest, and other relief deemed just and equitable by the Court.

49. As a direct and proximate result of the Defendant's conduct, Plaintiff has and will incur attorneys' fees and litigation costs.

**COUNT III – MALICIOUS PROSECUTION**
**PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF AGAINST ALL DEFENDANTS**

50. Plaintiff hereby incorporates all previous paragraphs as if fully stated herein.

51. The Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite having knowledge that Plaintiff did not commit the crimes which he was being charged with.

52. The criminal charges against Plaintiff were later terminated in his favor.

53. There was no probable cause for Plaintiff's arrest in connecting with the charges of Enticing a Child and the subsequent criminal proceedings. In fact, Defendants had actual knowledge of facts that would support Plaintiff's innocence, including that Plaintiff did not match the physical description of all suspects and that Plaintiff's vehicle did not match the suspect's vehicle.

54. By reason of Defendants' acts and/or omissions as outlined above, Plaintiff has suffered injury and damage, including unlawful incarceration, embarrassment, humiliation, psychological harm, pain and suffering, and loss of enjoyment of life as further described in this Complaint. Plaintiff's injuries resulted from these Defendants' malice, which entitles Plaintiff to exemplary damages under Texas Civil Practices & Remedies Code § 41.003.

**COUNT IV – MUNICIPAL LIABILITY (Failure to Train)**
**PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF AGAINST CITY OF GARLAND**

55. Plaintiff hereby incorporates all previous paragraphs as if fully stated herein.

56. The conduct of Defendant Borges as set forth in the preceding paragraphs evinces the improper and coercive investigation done into Plaintiff that led to his false arrest lacking in probable cause in violation of Plaintiff's constitutional rights.

57. The conduct set forth *supra* evinces a custom of using improper and coercive investigative techniques and a lack of policies and training instructing officers on the appropriate manner in which to handle criminal investigations, potential witnesses and photo lineups.

58. Defendant City had actual knowledge of the need for policies and training related to proper investigative techniques with detectives and witnesses, yet the City refused to implement any formal policies or training on these issues.

59. Despite this knowledge, the City did not train Defendant Borges  on techniques to conduct proper, thorough and non-coercive investigations.

60. This failure to train was in contravention of state law.

61. As a result, Defendant Borges was woefully ill-equipped to address the need for a proper, thorough and non-coercive investigation involving Plaintiff.

62. This lack of training was a moving force behind the deprivation of Plaintiff's constitutional rights.

### COUNT IV – MUNICIPAL LIABILITY (Failure to Supervise/Discipline) PURSUANT TO 42 U.S.C. § 1983 PLAINTIFF AGAINST CITY OF GARLAND

63. Plaintiff hereby incorporates all previous paragraphs as if fully stated herein.

64. The conduct of Defendant Borges as set forth in the preceding paragraphs evinces the improper and coercive investigation done into Plaintiff that led to his false arrest lacking in probable cause in violation of Plaintiff's constitutional rights.

65. Garland Mayor Scott LeMay, GPD Chief Jeff Bryan, and the Garland City Council were policymakers for the City of Garland at the time of the constitutional violations committed by Defendants against Plaintiff.

66. The Policymakers failed to adequately supervise and/or discipline its employees in handling usual and recurring situations with which they deal, including handling criminal investigations and witnesses.

67. The Policymakers were deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately.

68. The failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Plaintiff's constitutional rights.

69. The Policymakers failed to adequately supervise and/or discipline Defendant Borges for his improper, insufficient and coercive investigation that led to the arrest of Plaintiff without probable cause.

70. Despite having knowledge of Defendant Borges' improper and coercive investigations, the Policymakers failed and/or refused to adequately discipline Defendant Borges. The City's Policymakers were well aware of the conduct of Defendant Borges but failed to take any actions. The City's failure to adequately supervise and/or discipline its officers was therefore the moving force behind Plaintiffs' damages.

### VI.    DAMAGES

71. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

72. Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff:

   a. Actual damages;

PLAINTIFF'S ORIGINAL COMPLAINT                                    Page 10

b. Mental anguish and emotional distress damages in the past and future;

c. Pre- and post-judgment interest;

d. Punitive and Exemplary damages;

e. Attorney's fees and costs of suit; and

f. Such other and further relief as this Honorable Court deems just and proper.

## VII.    TRIAL BY JURY

73. Plaintiff respectfully requests trial by jury.

## VIII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recover judgment from Defendants; actual damages, exemplary damages, punitive damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,


*/s/ Blerim Elmazi*
Blerim Elmazi, Esq.
State Bar No. 24118375
THE LAW OFFICES OF BLERIM ELMAZI
8111 LBJ Freeway, Suite 790
Dallas, TX 75251
Telephone: (817) 438-0123
Blerim@ElmaziLaw.com

**ATTORNEY FOR PLAINTIFF**